F I L E D
District Court

NOV 30 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

George L. Hasselback, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff Bernard Sikimour Phillip

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Bernard Sikimour Phillip, | CIVIL CASE NO. 05- **0039** |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF STATE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and NANCY K. FINN, individually and in her official capacity, | |
| Defendants. | |

*ORIGINAL*

Plaintiff Bernard Sikimour Phillip, by and through counsel, hereby alleges, as follows:

## JURISDICTION AND VENUE

1.   This action arises under the U.S. Constitution, 8 U.S.C. § 1503 and the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, P.L. 94-241 ("The Covenant").

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361, 2201 and 2202 and 8 U.S.C. § 1503.

1

3.    Venue is proper in this Court under 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and 8 U.S.C. § 1503 as the Plaintiff resides in the Commonwealth of the Northern Mariana Islands.

**PARTIES**

4.    Plaintiff Bernard Sikimour Phillip ("Mr. Phillip") is a citizen of the United States and a resident of the Commonwealth of the Northern Mariana Islands.

5.    Defendant United States Department of State is the governmental agency responsible for processing the applications for, and the issuing of, United States of America passports.

6.    Defendant United States Immigration and Customs Enforcement ("ICE") is the governmental agency responsible for the enforcement of immigration and customs laws throughout the United States, its Territories and other possessions.

7.    Defendant Nancy K. Finn ("Ms. Finn"), upon information and belief, is a citizen of the United States residing in the State of Hawaii and is the current Regional Director of the United States Department of State, Honolulu Passport Agency.

**FACTS**

8.    Mr. Phillip has been continuously domiciled within the Commonwealth of the Northern Mariana Island since 1964.[1]

9.    Mr. Phillip was registered to vote in municipal elections within the Commonwealth of the Northern Mariana Islands prior to January 1, 1975.[2]

---

[1] *See* Affidavit of Bernard S. Phillip attached hereto as "Exhibit A", Affidavit of Estanislao Tudela Torres attached hereto as "Exhibit B", form CHC 62-0393 1186 "Evidence of Continuous Domicile Submitted In Support of U.S. Citizen Claim" attached hereto as "Exhibit C", transcript of Social Security earnings attached hereto as "Exhibit D" and "Certification of voter's registration" attached hereto as "Exhibit E."

2

10. Mr. Phillip became a citizen of the United States of America on November 4, 1986 upon the termination of the Trust Territory of the Pacific Islands pursuant to § 301 (b) and (c) of the Covenant.[3]

11. So that he might travel freely within the United States, its Territories and other possessions travel abroad with the full protection and support of the United States Government, Mr. Phillip has repeatedly applied for a U.S. passport in the years 1999, 2000, 2003 and 2005.[4]

12. On July 29, 2005, the Defendants denied Mr. Phillip's most recent request for a passport.[5] The Defendants based this denial upon a lack of "additional domiciliary evidence" and a lack of "secondary birth evidence."[6]

13. No such "additional domiciliary evidence" is warranted in Mr. Phillip's application and no such "secondary birth evidence" exists. The Defendants are aware of these two facts, but continue to deny the issuance of Mr. Phillip's passport. In light of these facts, this denial is arbitrary and capricious.

14. In an attempt to travel to the Territory of Guam, Mr. Phillip, through his attorneys, contacted the Guam office of ICE to identify alternate means of proving his citizenship to airlines and ICE personnel.[7] Mr. Phillip's counsel was informed that while a U.S. passport was

---

[2] *See* Exhibit E.

[3] Section 301(b) of the Covenant granted U.S. citizenship to all citizens of the Trust Territory of the Pacific Islands who had continuous domicile in the CNMI for at least five (5) years before the termination of the trusteeship (on November 4, 1986) and who voted in CNMI elections before January 1, 1975. Section 301(c) granted U.S. citizenship to all foreigners who were domiciled in the CNMI continuously from January 1, 1974 through to the termination of the trusteeship. Mr. Phillip qualified under both sections.

[4] *See* letter dated July 29, 2005 from Nancy K. Finn, Regional Director, United States Department of State attached hereto as "Exhibit F."

[5] Exhibit F.

[6] *Id.*

[7] *See* Declaration of George L. Hasselback attached hereto as "Exhibit G."

the "preferred" identification for travel as between the CNMI and other States, Territories and possession of the United States, other alternate documentation could be utilized.[8] However, upon further inquiry, counsel for Mr. Phillip was informed that such alternate documentation would not be accepted for citizens naturalized under Sections 301(a) and (b) of the Covenant.[9] Therefore, while a citizen of the United States born within the United States could travel from the CNMI to Guam without a passport, citizens naturalized through other means (including Mr. Phillip) are prevented from doing so.[10]

15. This denial in effect "strands" Mr. Phillips within the Commonwealth of the Northern Mariana Islands and denies him his Constitutionally protected right to travel freely within the United States and to travel abroad with the full protection and support of the United States Government enjoyed by other citizens of the United States.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment Under 8 U.S.C. 1503)

16. Plaintiff repeats and realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-15.

17. The Defendants, in denying Mr. Phillip his passport, have denied Mr. Phillips the right to travel freely within the United States and to travel abroad with the full protection and support of the United States Government enjoyed by other citizens of the United States.

18. This denial has been based upon the Defendants' erroneous belief, formed despite overwhelming evidence to the contrary, that Mr. Phillip is not a citizen of the United States.

---

[8] *Id.*
[9] *Id.*
[10] *Id.*

19. Such denial has caused Mr. Phillip emotional distress, trauma, economic and other damages in amounts to be proven at trial.

### SECOND CAUSE OF ACTION
### (Deprivation of Constitutional Rights)

20. Plaintiff repeats and realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-15.

21. The Defendants, acting under color of federal law, have deprived Mr. Phillip of his substantive due process rights under the United States Constitution and his Constitutionally protected right to travel freely within the United States.

22. The Defendants, acting under color of federal law, have deprived Mr. Phillip of his right to equal protection under the Untied States Constitution, *to whit*, they have required that Mr. Phillip obtain and provide upon demand a United States passport when traveling from the CNMI to Guam, but will allow alternate proof of United States citizenship for those U.S. citizens who were born within the Untied States. This also prevents Mr. Phillip from traveling abroad with the full protection and support of the United States Government; a privilege enjoyed by other citizens of the United States.

23. Defendants have done so knowingly and willingly.

24. As a direct and proximate cause of Defendants' actions, Mr. Phillip has been prevented from traveling on cultural trips and exchanges, from enjoying any sort of vacation away from the Commonwealth and from visiting family and friends who reside in other States and Territories of the United States of America. Additionally, this denial has prevented Mr. Phillip from traveling internationally with the support and protection of the Untied States Government like other citizens of the United States.

25.  Accordingly, Mr. Phillip has sustained damages in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

i.      For a declaration by this Court that he is a citizen of the United States and entitled to all rights and privileges afforded thereto.

ii.     For injunctive relief compelling Defendants to issue Mr. Phillip a valid United States Passport without delay.

iii.    For general and special damages in an amount to be proven at trial, including a full refund of all fees incurred in Mr. Phillip's numerous passport applications.

iv.     For prejudgment interest as allowed by law.

v.      For attorney fees and costs of suit.

vi.     For such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues so triable.

Dated: November 29, 2005.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Bernard Sikimour Phillip

By: _____

George L. Hasselback

Commonwealth of  )
The Northern      )  ss
Mariana Islands   )

## AFFIDAVIT

I, Bernard S. Phillip, under penalty of perjury do hereby make the following statements. The dates listed below are general approximations, because I can no longer recall exact dates of events which took place so long ago.

1,     From 1952 to 1953, I worked for the Island Affairs Office in Pohnpei.

2.     From 1953 to 1957, I worked for the Public Works office in what was then known as Truk and which is now known as Chuuk.

3.     From 1957 to 1964, I worked on a ship based in Saipan, owned and operated by the Pacific Micronesian Line. This ship traveled to many places which I have listed in my previous declarations in applying for my U.S. Passport. However I never actually lived in any of those places, rather I lived and slept on the ship when it docked in those ports. The ships home port was Saipan, and the only port where we docked for any significant period of time, and that is where I considered myself to be residing.

4.     From 1964 to 1965, I worked for the Publication Office of the Trust Territory Government in Saipan.

5.     From 1969 to 1975 I worked for a company called Dillingham Construction in Saipan, as an overall supervisor doing road construction and laying of sewer lines.

6.     From 1978 to 1985 I worked as a tour guide for Tasi Tour in Saipan.

**Exhibit "A"**

7.    From approximately 1986 to 1997 I worked as a tour guide for Nippon Express Co. in Saipan.

8.    My wife is Rosa R. Omar (d.o.b. 5/27/45 – Anatahan Island, CNMI) and she is a U.S. citizen. We were married in a religious ceremony in Chuuk while my wife was pregnant with our daughter Melvina. I don't remember the exact date of the ceremony, but it was in 1974. Rosa and I have been separated since 1998.

9.    I have had 5 children, however I may have stated 4 in previous applications because my oldest child Dick died at age 8. The children are as follows:

a) Dick O. Phillip – born on July 4, 1966 on Saipan and died at age 8.

b) Lelcrisia O. Phillip – born on September 10, 1967 on Saipan. She is a U.S. citizen currently living on Guam.

c) Nancy Nielo O. Phillip – born on September 25, 1969 on Saipan. She is a U.S. citizen living in Saipan.

d) Melvina O. Phillip – born on January 5, 1975 on Chuuk while my wife was visiting there for a couple of months. Melvina grew up on Saipan and is a U.S. citizen currently living in Guam.

e) Dick John O. Phillip – born on January 10, 1980 on Saipan. He is a U.S. citizen living in Saipan.

11.    I don't ever remember claiming to have 8 children, but if there is such a record it is merely a clerical error.

12.    My wife and all my children (with the exception of Dick O. Phillip who died) became U.S. citizens under Section 301 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America on November 4, 1986. I too became a U.S. citizen that day pursuant to that same section.

13.    I have lived in Saipan since 1964 (or 1957 if you count my time on the ship). Last year I stayed with my daughter, Melvina, in Guam for about 3 months while I was getting medical treatment. I returned to Saipan in December on the day before the Typhoon hit Guam.

I hereby declare the foregoing statements to be true and correct to the best of my knowledge.

Date: _10 - 21 - 03_

_____
Bernard S. Phillip

COMONWEALTH OF   )
THE NORTHERN   ) ss   <u>ACKNOWLEDGMENT</u>
MARIANA ISLANDS   )

On this _21st_ day of _October_____, 2003, before me, the undersigned notary, personally appeared Bernard S. Phillip, known to me to be the person whose name is subscribed to the Affidavit and that he acknowledged before me that he executed the same, of his own free will, for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC
Maria P. Muna
Commonwealth of the Northern Mariana Islands
My Commission Expires on the
_18th_ day of _April_, 200_4_

Commonwealth of  }
the Northern      }   ss
Mariana Islands   }

## AFFIDAVIT

I, Estanislao Tudela Torres, (aka), Stanley T. Torres, being duly sworn and under oath, do hereby state the following:

1.  I reside in Saipan, Commonwealth of the Northern Mariana Islands and am a U.S. Citizen.

2.  I have known Bernard S. Phillip since 1964.

3.  I know that he has resided continuously here in Saipan since 1964.

4.  That he has resided in Tanapag Village in 1964 thru 1966.

5.  That he has resided in Oleai Village in 1966 to 1967.

6.  That he has resided in Chalan Kanoa in 1967 to 1968.

7.  That he has resided in Tanapag Village in 1968 to 1969.

8.  That he has resided in Oleai Village in 1969 thru 1979.

9.  I know that he was my neighbor in Oleai Village during my term as an elected Village Commissioner for Oleai & Chalan Laulau Village from January 1968 thru December 1972 consecutively.

10.  I know that he has resided in As-Mahetog Ranch-House from 1979 to the present time (1999).

11.  I also know that he married to Ms. Rosa Omar and that they have five children of their own.

12.  I have known him to be a good and hard working father and a good citizen in our Community.

Further Affiant Sayeth Naught.

Date:  October 14, 1999

_____
Stanley T. Torres

Subscribed and Sworn to before me this 14th day of OCtober, 1999.

_____
Notary Public

**JUANA C. FUJIHIRA**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Jan 12, 2001

**Exhibit "B"**



Commonwealth of the Northern Mariana Islands
Department of Public Health and Environmental Services
**Office of the Director**
Saipan, Mariana Islands 96950

DR. TORRES HOSP.    10065
Hospital # ___107893___

Date ___APRIL 24, 1999___

## EVIDENCE OF CONTINUOUS DOMICILE SUBMITTED IN SUPPORT
## OF U.S. CITIZEN CLAIM

I certify that ___PHILLIP BERNARD SIGMOUR___
                        Name of Patient

born on ___MAY 31, 1933___   in ___CHUUK___
            Date of Birth                    Place of Birth

was seen at the Department of Public Health and Environmental Services, CNMI, on

the following dates:

| | | |
|---|---|---|
| 09/21/84 | 01/17/91 | 10/16/97 |
| 04/29/85 | 02/10/92 | 06/15/98 |
| 03/03/86 | 10/28/93 | 03/03/99 |
| 09/24/87 | 09/30/94 | |
| 08/22/88 | 04/25/95 | |
| 05/11/90 | 06/01/96 | |

Patient Address:

___MAHETOK___

___P.O. BOX 1975 CK___

Tel. No.: ___322-3132___

CHC 62-0393 1186

Signature: ___KAPILEO, CANDELARIA ILO___   4/26/99
                    **Medical Record Clerk**

Date: ___APRIL 26, 1999___

Exhibit "C"

Verified ___CHONG VICENTE CHONG___   4/26/1999
                **Medical Record Administrator**

Social Security Administration
P.O. Box 489
Saipan MP 96950
670-234-6203
04/27/99

In response to your request, shown below is a copy of your earnings as
recorded in the books of the former NMI Social Security System, including
earnings transferred from the former Trust Territory Social Security System.

\+                                             \+

PHILLIP BERNARD SIGUMUR                              SSN: ████████
                                              Birthdate: ████████
                                              TTSSN: 00203

\+                                             \+

=================================================================================

---------------------------------------------------
N M I S S S   E A R N I N G S   R E C O R D
---------------------------------------------------

| | MARCH | JUNE | SEPTEMBER | DECEMBER | TOTAL | MAXIMUM CREDITABLE |
|---|---|---|---|---|---|---|
| 1976 | | | 0.00 | 0.00 | 0.00 | 1,200 per quarter |
| 1977 | 0.00 | 0.00 | 0.00 | 957.95 | 957.95 | 1,200 per quarter |
| 1978 | 1,180.70 | 97.60 | 0.00 | 0.00 | 1,278.30 | 9,075 per year |
| 1979 | 0.00 | 1,132.50 | 1,350.00 | 1,600.00 | 4,082.50 | 13,350 per year |
| 1980 | 1,371.00 | 1,874.19 | 2,071.39 | 2,454.10 | 7,770.58 | 13,350 per year |
| 1981 | 1,746.50 | 1,830.00 | 1,870.00 | 2,180.28 | 7,626.78 | 22,900 per year |
| 1982 | 1,915.64 | 2,096.00 | 2,120.50 | 2,008.50 | 8,140.64 | 22,900 per year |
| 1983 | 2,199.00 | 2,190.00 | 2,240.00 | 2,315.32 | 8,944.32 | 22,900 per year |
| 1984 | 2,228.56 | 2,396.76 | 2,393.47 | 1,821.00 | 8,839.79 | 22,900 per year |
| 1985 | 2,390.42 | 41.00 | 0.00 | 0.00 | 2,431.42 | 22,900 per year |
| 1986 | 0.00 | 233.20 | 349.80 | 0.00 | 583.00 | 22,900 per year |

=================================================================================

Total TTSSS Wages (7/1/68-6/30/76):         0.00    Total TTSS Quarters:    0
Total NMISSS Wages (7/1/76-12/31/86):    50,655.38    Total NMISSS Quarters:   29
                    Total Wages:    50,655.38         Total Quarters:   29

COMMENTS: _____

1. Wages through Quarter Ending 6/76 cannot be identified by quarter earned.
2. Prior to 7/1/76 wages of non-Trust Territory citizens were not covered.
3. Beginning 10/1/80 the wages of Filipino & Korean contract workers were
   not covered.
4. Beginning in 1987 wages were reported directly to US Social Security.
5. Earnings shown here will be added to any earnings you have with U.S.
   Social Security to determine if you qualify for social security benefits.

Certified to be a true transcript by: _____ _____ _____
                                           name              title      date

**Exhibit "D"**

**COMMONWEALTH ELECTION COMMISSION**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

P.O. Box 500470
Saipan, MP 96950-0470
http://www.votecnmi.gov.mp/

Tel : (670) 664-VOTE
Fax: (670) 664-8689
Email: cec@saipan.com

JAN 2 3 2003

Re:    Certification of voter's registration

Our records show that, Mr. Bernard Phillip, born May 31, 1933 was registered to vote in
Commonwealth elections for the years shown below:

| Year | Aff. No. | Election District | Nature of Election |
|------|----------|-------------------|--------------------|
| 2003 | 2003-0021 | 4 – B, San Roque | General Election |
| 1999 | 37991 | 3 – B, Garapan | General Election |
| 1997 | 37991 | 3 – B, Garapan | General Election |
| 1996 | 28371 | 3 – B, Garapan | Con-Con Amendments |
| 1995 | 28371 | 3 – B, Garapan | General Election |
| 1995 | 28371 | 3 – B, Garapan | Con – Con |
| 1993 | 28371 | 3 – B, Gaapan | General Election |
| 1989 | 00359 | 3 – B, Garapan | General Election |
| 1987 | 00359 | 3 – B, Garapan | General Election |
| 1985 | 00359 | 3 – B, Garapan | General Election |
| 1985 | 00359 | 3 – B, Garapan | Con – Con |
| 1983 | 00359 | 3 – B, Garapan | General Election |
| 1981 | 00359 | 3 – B, Garapan | General Election |
| 1979 | 00359 | 3 – B, Garapan | General Election |
| 1977 | 04057 | 3 – B, Garapan | General Election |
| 1974 |  | Dist. #7, San Jose | Municipal Election |

**NOTHING FOLLOWS**

JULITA A. VILLAGOMEZ
Administrative Officer

**Exhibit "E"**

**United States Department of State**
Honolulu Passport Agency–*Box 50185*
*300 Ala Moana Blvd. Ste. 1-330*
*Honolulu, HI 96850-1330*
*1-877-487-2778*

July 29, 2005

07/29/2005

Bernard Sikimour Phillip
PO Box 502178 CK
Saipan, MP 96950
MP 2331933

BERNARD SIKIMOUR PHILLIP
C/O: MP 2331933
PO BOX 502178 CK
SAIPAN MP 96950

Dear Mr. Phillip:

This letter is in reference to your request for passport services.

Your U.S. passport application executed on June 29, 2005 has been reviewed pursuant to Public Law 94-241 Section 301(b), the CNMI Covenant.

> Section 301(b) confers U.S. citizenship as of November 3, 1986, on all persons who are citizens of the former Trust Territory of the Pacific Islands (TTPI) on the date of the Covenant, domiciled continuously in the Northern Mariana Islands (NMI) from at least November 3, 1981 to November 3, 1986, and registered to vote, unless under the voting age, in NMI elections prior to 1975.

The current, as well as your previous three U.S. passport applications (1999, 2000, 2003) and all accompanying documents have been carefully reviewed. They show that you were born in Chuuk, Federated States of Micronesia on May 31, 1933.

Our records indicate that your 1999 to 2003 U.S. passport applications were filed without further action because you failed to submit the following documentation:

- Acceptable early secondary evidence of birth to support your delayed record of birth;
- Certification that you were a registered voter of the CNMI elections prior to January 1, 1975; and,
- Sufficient proof of your continuous domicile in the CNMI only from November 3, 1981 to November 3, 1986. In particular records to cover the period from March 1985 to November 1986, since the NMI Social Security Earnings Record showed minimal or no earnings during that period.

Certification showing you were a registered voter in CNMI elections prior to January 1, 1975 was received with your new passport application. However, the additional domiciliary evidence and early secondary birth evidence, as indicated above, were not submitted. Also, the letter from your attorney Mr. Schweiger made it clear that there were no further documents forthcoming. Therefore, your application has been denied and a U.S. passport may not be issued to you at this time.

We suggest that you contact the U.S. Citizenship and Immigration Services (formerly known as the Immigration and Naturalization Service) for information regarding other travel documents and possible naturalization as a United States citizen. Your application will be filed without further action, and any special return postage fees refunded. By law, the passport execution and application fees are non-refundable.

Sincerely,

Nancy K. Finn
Regional Director

**Exhibit "F"**

George L. Hasselback, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff Bernard Sikimour Phillip

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Bernard Sikimour Phillip, | ) CIVIL CASE NO. 05- |
| Plaintiff, | ) |
| vs. | ) DECLARATION OF GEORGE L. HASSELBACK |
| U.S. SECRETARY OF STATE, UNITED STATES OF AMERICA, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and AVIATION SERVICES LTD., dba FREEDOM AIR , | ) |
| Defendants. | ) |

I, George L. Hasselback, declare under the penalty of perjury that the following is true and based upon my personal knowledge, except where noted otherwise, and if called to testify, I could do so competently:

1.  In my capacity as attorney for Plaintiff Bernard Sikimour Phillip ("Mr. Phillip"), I was instructed by my client to attempt to facilitate his travel from the CNMI to Guam on November 17, 2005 for a cultural exchange trip sponsored by the Commonwealth's Man-Amko Center ("the Center").

2.  On October 24, 2005, I contacted the Immigration section of the office of the CNMI Attorney General.  I was informed that the appropriate agency for questions regarding travel

**Exhibit "G"**

from the CNMI to Guam would be the Guam office of United States Immigration and Customs Enforcement ("ICE").

3.   Later that day, I contacted ICE and asked to speak with one of their agents on duty. I was transferred to an "Officer Sablan." I explained the situation regarding Mr. Phillip to Officer Sablan, and he informed me that while a United States passport is the "preferred" method of identification that U.S. citizens may use when traveling to Guam, that alternate documentation might be used.   He and I spoke at length regarding what type of documentation would be sufficient for Mr. Phillip, and Officer Sablan seemed conversant with the requirements under § 301(b) of the Covenant to qualify for United States Citizenship.  He put me on hold so that he could confer with a supervisor and when he spoke with me again, he said that the documentation that I described was sufficient to allow Mr. Phillip to enter Guam.  Finally, he told me that the individual airlines were charged with assessing the sufficiency of such documentation prior to boarding any passenger.

4.   That same day, I contacted a "Mr. Palacios" at the Man-Amko Center to determine which airline would be transporting Mr. Phillip to Guam.  He informed me that it would be Freedom Air.

5.   On October 25, 2005, I called Freedom Air and spoke with Ms. Bodie (sp?).   She informed me that if Freedom Air boarded a person that ICE did not approve of, they would be fined $3000.00. For this reason, she informed me that Freedom Air would not accept Mr. Phillip unless he had a U.S. passport.  I explained that ICE confirmed that he could be admitted with alternate documentation, but she said that Freedom Air would require something in writing from ICE that this documentation was sufficient, or Mr. Phillip would not be boarded, absent a U.S. passport.

3241-01-051129-PL-Declaration (GLH)

6.  I immediately called ICE again and spoke with Officer Sablan.  He said that they would not produce anything in writing, but that I should fax over Mr. Phillip's documents and that he would confer with his supervisor to make sure that everything was in order.

7.  On October 26, 2005, I followed-up with ICE and found that Officer Sablan was off-duty.  I asked to speak to the supervisor with which he confirmed the sufficiency of Mr. Phillip's documents and was transferred to an individual with whom I had not previously spoken.  She turned out to be the wrong supervisor and told me that the correct one, Ms. Lujan (sp?) was out sick and suggested I call back the next day.

8.  On October 27, 2005, I called back and spoke with Ms. Lujan.  She did not seem familiar with the facts of the case and took a moment to familiarize herself with the documents.  I was then put on speakerphone and she and another woman asked me several questions regarding Mr. Phillip.  I told her that there was a problem with his application for a passport and that we were working that out, but wanted to get him to Guam for his trip.  She kept returning to the fact that he was not born in the CNMI (confusing the requirements of 301 (a) and (b) apparently).  After a while the other woman said, "put him on hold" and they did so.

9.  Ms. Lujan got back on the phone and told me that after speaking with a "Mr. Rocky Miner", the "port director" it was the position of ICE that Mr. Phillip would be denied entry into Guam.  I asked her to confirm that he could use some alternate documentation, and she said that since the State Department was not issuing him a passport, ICE would not let him use alternate documentation of his citizenship.  I asked her what alternate documentation an individual such as myself would need to travel to Guam from the CNMI and she asked where I was born.  Upon learning that I was born in the U.S., she said that I would only need a birth certificate and a photo I.D., but that since Mr. Phillip was a citizen by way of the Covenant, he would need a U.S. passport.  She suggested I work with the liaison office in Guam for the Chuukese government and try to get him some documentation that way.

1   Dated this 29th day of November, 2005.

2

3

4

5   _____

6   George L. Hasselback

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28