**ORIGINAL**

1

2

3

4

5

6

**GEORGE L. HASSELBACK, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiff Bernard Sikimour Phillip**

F I L E D
Clerk
District Court

JAN 3 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| **BERNARD SIKIMOUR PHILLIP,** | **CIVIL CASE NO. 05-0039** |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF STATE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and NANCY K. FINN, individually and in her official capacity,** | **Date: March 2, 2006** **Time: 8:30 a.m.** **Judge: Hon. Alex R. Munson** |
| **Defendants.** | |

18

**I.**

19

**INTRODUCTION**

20

21

22

23

24

25

26

27

        This Court should grant Plaintiff's Motion for Partial Summary Judgment as there is no genuine issue of any material fact regarding the specific issues brought before the Court in that Motion and Plaintiff is due a judgment as a matter of law.  Despite overwhelming documentary evidence that Plaintiff Bernard Sikimour Phillip ("Mr. Phillip") became a United States Citizen on November 4, 1986 pursuant to the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("the Covenant"), he has been repeatedly denied his United States passport without cause.  Therefore, this Court should declare

28

1

that Mr. Phillip is a citizen of the United States and order the issuance of his United States passport without delay.

## II.

## FACTS

Bernard Sikimour Phillip was born on Dublon Island, Pwene, Chuuk, on May 31, 1933.[1] In 1957, Mr. Phillip relocated to Saipan.[2] Thereafter, Mr. Phillip has lived, worked and raised his family on Saipan.[3]

Wanting to travel within the United States and its Territories to visit friends and family, Mr. Phillip began to apply for a United States Passport in 1999.[4] His application for a passport was filed "without further action" and he was not issued a passport because the Honolulu Passport Agency of the United States Department of State ("the Passport Agency") claimed that he lacked certain documentary evidence of his status as a United States citizen.[5] Specifically, the Passport Agency demanded 1) "early secondary evidence of birth to support [Mr. Phillip's] delayed record of birth," 2) "certification that he was a registered voter prior to January 1, 1975," and 3) "sufficient proof of continued domicile" from 1981-1986.[6] This process of application, demand for additional "proof" and eventual rejection was repeated three times (in 2000, 2003 and 2005).[7]

---

[1] *See* Declaration of Bernard S. Phillip in Support of Motion for Summary Judgment attached hereto as "Exhibit A".
[2] *See* Affidavit of Bernard S. Phillip attached hereto as "Exhibit B."
[3] *Id.*
[4] *See* letter of July 29, 2005 attached hereto as "Exhibit C."
[5] *Id.*
[6] *Id.*
[7] *Id.*

2

Despite repeated explanations to the Passport Agency during his four separate applications that no such additional "proof" of his time and place of birth exists, and the significant amount of documentation of his continued domicile on Saipan, Mr. Phillip's 2005 application was denied.[8]  Fearing that another application would be met with the same rejection, and desiring to visit his family and friends freely during his autumn years, Mr. Phillip filed this action to vindicate his rights as a United States citizen.

Therefore, in order to resolve this matter in the most expeditious manner possible, Mr. Phillip seeks a declaration from this Court establishing his United States citizenship and ordering the immediate issue of a U.S. passport.  The remaining issues (including damages and Mr. Phillips entitlement to attorney's fees) can be disposed of in the normal course of this matter, but, as Mr. Phillip is 73 years old and of failing health, it is imperative that Mr. Phillip be issued his passport immediately so that he may enjoy his right to travel freely within the United States before it is too late.

### III.

### ARGUMENT

There being no genuine issue of any material fact regarding the specific issues contemplated by this Motion, and Plaintiff being due a judgment as a matter of law, this Court should grant summary judgment in favor of Mr. Phillip, declare that he is a citizen of the United States and order the immediate issuance of his United States passport.

### A) *The Legal Standard For Summary Judgment Is Clear.*

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v.*

---

[8] *Id.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).[9]    Since the issues implicated in this Motion are confined to interpretation of the grant of citizenship under the Covenant, it, and subsequent interpretation of it, will be controlling law.

### B) Mr. Phillip Became A United States Citizen Under The Covenant.

On November 4, 1986, Bernard Sikimour Phillip became a citizen of the United States of America. On that date, the Covenant granted U.S. Citizenship to various persons under its Section 301. This section provided for several eventualities whereby a person would *automatically become a citizen of the United States.* It is one of those eventualities, specifically Section 301(b), under which Mr. Phillip became a United States citizen.

The Covenant allowed for the naturalization of persons who were continuously domiciled in the CNMI for a certain period of time and had participated in the electoral process prior to a certain date. Specifically, Section 301(b) declared U.S. citizens:

> all persons who are citizens of the Trust Territory of the Pacific Islands on the day preceding the effective date of this Section [November 3, 1986], who have been domiciled continuously in the Northern Mariana Islands for at least five years immediately prior to that date, and who, unless under age, registered to vote in elections for the Mariana Islands District Legislature or for any municipal election in the Northern Mariana Islands prior to January 1, 1975.

Covenant § 301(b). Therefore, under Covenant § 301(b), there are three, and only three, requirements that if met, granted an individual immediate naturalization as a U.S. Citizen.

---

[9] A factual dispute is genuine "if the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production then shifts so that the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts' showing that there is a genuine issue for trial." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *Kaiser Cement Corp. v. Fischback & Moore,* 793 F.2d 1100, 1103-04 (9th Cir. 1986), cert. denied, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986).

1

### 1) Mr. Phillip Was A Citizen Of The Trust Territory On November 3, 1986.

At the time the Trust Territory of the Pacific Islands governed, any person that had been born, or would be born, within the its geographic confines was automatically a citizen of the Trust Territory. Specifically, the Trust Territory Code provided that "all persons born in the Trust Territory *shall be deemed to be citizens of the Trust Territory*." 53 TTC §1(1). On May 31, 1933, Mr. Phillip was born at Pwene on Dublon Island, Chuuk.[10] There is no genuine dispute as to where and when Mr. Phillip was born, and indeed *Defendants have admitted that certain documents show that Mr. Phillip was born in Chuuk in 1933.*[11]Therefore, Mr. Phillip was a citizen of the Trust Territory of the Pacific Islands on the day before the effective date of Section 301(b) of the Covenant. Mr. Phillip meets the first of Section 301(b)'s criteria.

### 2) Mr. Phillip Has Been Continuously Domiciled On Saipan For Over Forty Years.

People enjoy a presumption of continued domicile. The general proposition that "a domicile once acquired is presumed to continue until it is shown to have been changed" has remained a foundational concept of American jurisprudence for well over one hundred years. *Mitchell v. U.S.,* 88 U.S. 350, 353 (1874).[12] Given this presumption, all Mr. Phillip must show is that he established a domicile in the CNMI prior to 1981, in order to satisfy the second requirement of section 301(b). At that point, the burden will shift to whomever asserts a change in domicile to show that Mr. Phillip has established a domicile elsewhere. He has not.

---

[10] *See* Exhibit A.

[11] Nancy Finn, Regional Director of the Honolulu Passport Agency and a co-defendant in this case, wrote to Mr. Phillip telling him that "[t]he current, as well as your previous three U.S. passport applications and all accompanying documents . . . show that you were born in Chuuk, Federated States of Micronesia on May 31, 1933." Exhibit C.

[12] *See also Lange v. Penn Mut. Life Ins. Co.* 843 F.2d 1175, 1179 (9th Cir. 1988) (where the same presumption of continued domicile was recognized in determining diversity of citizenship) and *Castillo-Felix v. Immigration & Naturalization Service* 601 F.2d 459, 464 (9th Cir. 1979) (recognizing the presumption of continued domicile in the context of aliens establishing domicile within the United States for purposes of immigration).

5

To establish a domicile, an individual must both move to the new physical location and manifest an intention to remain there. *Id.* Here, there exists overwhelming evidence that Mr. Phillip not only physically resided within the Commonwealth of the Northern Mariana Islands, but that he intended to establish his domicile here prior to 1981. Mr. Phillip resided within the CNMI prior to 1981 where he lived, worked and raised his family.[13] Mr. Phillip was employed in the CNMI prior to 1981 and contributed to CNMI social security during that time.[14] Mr. Phillip repeatedly took part in municipal elections prior to 1981.[15] Mr. Phillip certainly established a domicile within the CNMI prior to 1981 and it is presumed to continue until he establishes a new one in another location. Absent a showing that he has established another domicile, Mr. Phillip's domicile is presumed to remain within the CNMI from the date is was established. As it was established far before 1981 (and no proof could exist that he has established a domicile elsewhere because he simply has not done so), he meets the second of Section 301(b)'s requirements.

### 3) *Mr. Phillip was registered to vote in 1974 municipal elections in the CNMI.*

According to the Commonwealth Election Commission, Mr. Phillip was registered to vote in the 1974 Municipal Election in the CNMI as a member of District #7 in San Jose, Saipan.[16] Section 301(b)'s final requirement for U.S. citizenship is that the person in question was "registered to vote in . . . any municipal election in the Northern Mariana Islands prior to

---

[13] *See* Exhibit A and Affidavit of Estanislao Tudela Torres attached hereto as "Exhibit D."

[14] *See* Transcript of Social Security Earnings attached hereto as "Exhibit E."

[15] *See* Certification of voter's registration attached hereto as "Exhibit F."

[16] *See* Exhibit F.

6

January 1, 1975." As Mr. Phillip was registered to vote in the election in 1974, he meets this final requirement.

Mr. Phillip, having met all three requirements under Section 301(b) of the Covenant *automatically became a citizen of the United States* and is entitled to all of the rights and privileges appertaining thereto.

## IV.

## CONCLUSION

Bernard Sikimour Phillip is a citizen of the United States of America. He became one under Section 301(b) of the Covenant. He is being denied rights that are routinely exercised by his fellow citizens for no reason other than he became a citizen under a different set of circumstances than they. There is no reason, other than the blind adherence to bureaucratic process, to deny Mr. Phillip a United States passport and the means with which to travel freely within the United States. The administrative demands of the government defendants cannot trump Mr. Phillip's civil rights, and therefore, this Court should grant this Motion, declare Mr. Phillip a citizen of the United States and order the immediate issuance of his United States passport.

Dated: January 3/ , 2006.

Respectfully submitted,
O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiff Bernard S. Phillip

By: _____

GEORGE L. HASSELBACK

3241-01-060131-PL-MemoMSJ-glh

1
GEORGE L. HASSELBACK, Esq.
2
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
3
P.O. Box 501969
Saipan, MP 96950
4
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
5

6
Attorneys for Plaintiff Bernard Sikimour Phillip

7
IN THE UNITED STATES DISTRICT COURT
8
FOR THE NORTHERN MARIANA ISLANDS

9
BERNARD SIKIMOUR PHILLIP,               )   CIVIL CASE NO. 05-0039
                                        )
10
                  Plaintiff,            )
                                        )
11
         vs.                            )   DECLARATION IN SUPPORT OF
                                        )   MOTION FOR SUMMARY JUDGMENT
12
UNITED STATES OF AMERICA, UNITED )
13
STATES DEPARTMENT OF STATE,             )
UNITED STATES IMMIGRATION AND )
14
CUSTOMS ENFORCEMENT and                 )   Date:  March 2, 2006
NANCY K. FINN, individually and in her  )   Time:  8:30 a.m.
15
official capacity,                      )   Judge:  Hon. Alex R. Munson
                                        )
16
                  Defendants.           )
17

18
        I, Bernard Sikimour Phillip, declare under the penalty of perjury that the following is true
19
and based upon my personal knowledge, except where noted otherwise, and if called to testify, I
20
could do so competently:
21

22
        1)      I was born on May 31, 1933 on Dublon Island, Pwene, Chuuk.
23

24
        2)      In 1979, so that I could apply for a CNMI identification card, I applied for and
25
received a Certified Copy of Birth Record from the Clerk of Courts of Chuuk.  A true and
26
accurate copy of the Certified Copy of Birth Record that I received is attached hereto as
27
"Exhibit A."
28

1

**Exhibit "A"**

1      3)    This is the only record of my birth that I have ever been issued, and to the best of

2  my knowledge, it is the only such record that exists.

5  Dated: January 31, 2006.

By: _____

        BERNARD S. PHILLIP

2

TT FORM 203
(REV. 1/64)

**TRUST TERRITORY OF THE PACIFIC ISLANDS**
**CERTIF   COPY OF BIRTH RECORD**

Registration No

NAME OF CHILD

Bernard PHILLIP

| SEX | DATE OF BIRTH (Month, Day, Year) |
|-----|------|
| Male | May 31, 1933 |

PLACE OF BIRTH

Pwene, Dublon Is., Truk

MAIDEN NAME OF MOTHER

Inewe Sikimour

PLACE OF RESIDENCE OF MOTHER

Pwene, Dublon Is., Truk

NAME OF FATHER

Phillip Eiur

DATE RECEIVED BY LOCAL REGISTRAR

June 13, 1979

THIS IS TO CERTIFY, THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF STATEMENTS APPEARING ON THE RECORD OF BIRTH OF THE CHILD NAMED ABOVE, AS FILED IN THIS OFFICE.

| SIGNATURE (Certifying Officer and Seal) | OFFICIAL TITLE |
|-----|-----|
| | Clerk of Courts, Truk |

| PLACE OF CERTIFICATION (Include Island) | DATE CERTIFIED |
|-----|-----|
| Moen Is., Truk, E. C. Is. #95942 | June 13, 1979 |

Exhibit "A"

Commonwealth of          )
The Northern             )  ss
Mariana Islands          )

## AFFIDAVIT

I, Bernard S. Phillip, under penalty of perjury do hereby make the following

statements. The dates listed below are general approximations, because I can

no longer recall exact dates of events which took place so long ago.

1.    From 1952 to 1953, I worked for the Island Affairs Office in Pohnpei.

2.    From 1953 to 1957, I worked for the Public Works office in what was then

known as Truk and which is now known as Chuuk.

3.    From 1957 to 1964, I worked on a ship based in Saipan, owned and

operated by the Pacific Micronesian Line. This ship traveled to many places

which I have listed in my previous declarations in applying for my U.S. Passport.

However I never actually lived in any of those places, rather I lived and slept on

the ship when it docked in those ports. The ships home port was Saipan, and

the only port where we docked for any significant period of time, and that is

where I considered myself to be residing.

4.    From 1964 to 1965, I worked for the Publication Office of the Trust

Territory Government in Saipan.

5.    From 1969 to 1975 I worked for a company called Dillingham Construction

in Saipan, as an overall supervisor doing road construction and laying of sewer

lines.

6.    From 1978 to 1985 I worked as a tour guide for Tasi Tour in Saipan.

Exhibit "B"

7.      From approximately 1986 to 1997 I worked as a tour guide for Nippon Express Co. in Saipan.

8.      My wife is Rosa R. Omar (d.o.b. 5/27/45 – Anatahan Island, CNMI) and she is a U.S. citizen. We were married in a religious ceremony in Chuuk while my wife was pregnant with our daughter Melvina. I don't remember the exact date of the ceremony, but it was in 1974. Rosa and I have been separated since 1998.

9.      I have had 5 children, however I may have stated 4 in previous applications because my oldest child Dick died at age 8. The children are as follows:

a) Dick O. Phillip – born on July 4, 1966 on Saipan and died at age 8.

b) Lelcrisia O. Phillip – born on September 10, 1967 on Saipan. She is a U.S. citizen currently living on Guam.

c) Nancy Nielo O. Phillip – born on September 25, 1969 on Saipan. She is a U.S. citizen living in Saipan.

d) Melvina O. Phillip – born on January 5, 1975 on Chuuk while my wife was visiting there for a couple of months. Melvina grew up on Saipan and is a U.S. citizen currently living in Guam.

e) Dick John O. Phillip – born on January 10, 1980 on Saipan. He is a U.S. citizen living in Saipan.

11.     I don't ever remember claiming to have 8 children, but if there is such a record it is merely a clerical error.

12.    My wife and all my children (with the exception of Dick O. Phillip who died) became U.S. citizens under Section 301 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America on November 4, 1986. I too became a U.S. citizen that day pursuant to that same section.

13.    I have lived in Saipan since 1964 (or 1957 if you count my time on the ship). Last year I stayed with my daughter, Melvina, in Guam for about 3 months while I was getting medical treatment. I returned to Saipan in December on the day before the Typhoon hit Guam.

I hereby declare the foregoing statements to be true and correct to the best of my knowledge.

Date: 10-21-03     _____
                   Bernard S. Phillip

COMONWEALTH OF     )
THE NORTHERN       ) ss     ACKNOWLEDGMENT
MARIANA ISLANDS    )

On this 21st day of _October_____, 2003, before me, the undersigned notary, personally appeared Bernard S. Phillip, known to me to be the person whose name is subscribed to the Affidavit and that he acknowledged before me that he executed the same, of his own free will, for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC
Maria P. Muna
Commonwealth of the Northern Mariana Islands
My Commission Expires on the
18th day of April, 2004

**United States Department of State**
**Honolulu Passport Agency—*Box 50185***
*300 Ala Moana Blvd. Ste. 1-330*
*Honolulu, HI  96850-1330*
*1-877-487-2778*

July 29, 2005

07/29/2005

RECEIVED
AUG 1 2 2005

Bernard Sikimour Phillip
PO Box 502178 CK
Saipan, MP 96950
MP 2331933

BERNARD SIKIMOUR PHILLIP
C/O: MP 2331933
PO BOX 502178 CK
SAIPAN MP 96950

Dear Mr. Phillip:

This letter is in reference to your request for passport services.

Your U.S. passport application executed on June 29, 2005 has been reviewed pursuant to Public Law 94-241 Section 301(b), the CNMI Covenant.

> Section 301(b) confers U.S. citizenship as of November 3, 1986, on all persons who are citizens of the former Trust Territory of the Pacific Islands (TTPI) on the date of the Covenant, domiciled continuously in the Northern Mariana Islands (NMI) from at least November 3, 1981 to November 3, 1986, and registered to vote, unless under the voting age, in NMI elections prior to 1975.

The current, as well as your previous three U.S. passport applications (1999, 2000, 2003) and all accompanying documents have been carefully reviewed. They show that you were born in Chuuk, Federated States of Micronesia on May 31, 1933.

Our records indicate that your 1999 to 2003 U.S. passport applications were filed without further action because you failed to submit the following documentation:

- Acceptable early secondary evidence of birth to support your delayed record of birth;
- Certification that you were a registered voter of the CNMI elections prior to January 1, 1975; and,
- Sufficient proof of your continuous domicile in the CNMI only from November 3, 1981 to November 3, 1986. In particular records to cover the period from March 1985 to November 1986, since the NMI Social Security Earnings Record showed minimal or no earnings during that period.

Certification showing you were a registered voter in CNMI elections prior to January 1, 1975 was received with your new passport application. However, the additional domiciliary evidence and early secondary birth evidence, as indicated above, were not submitted. Also, the letter from your attorney Mr. Schweiger made it clear that there were no further documents forthcoming. Therefore, your application has been denied and a U.S. passport may not be issued to you at this time.

We suggest that you contact the U.S. Citizenship and Immigration Services (formerly known as the Immigration and Naturalization Service) for information regarding other travel documents and possible naturalization as a United States citizen. Your application will be filed without further action, and any special return postage fees refunded. By law, the passport execution and application fees are non-refundable.

Sincerely,

Nancy K. Finn
Regional Director

**Exhibit "C"**

Commonwealth of  )
the Northern      )  ss
Mariana Islands   )

### AFFIDAVIT

I, Estanislao Tudela Torres, (aka), Stanley T. Torres, being duly sworn and under oath, do hereby state the following:

1.   I reside in Saipan, Commonwealth of the Northern Mariana Islands and am a U.S. Citizen,

2.   I have known Bernard S. Phillip since 1964.

3.   I know that he has resided continuously here in Saipan since 1964.

4.   That he has resided in Tanapag Village in 1964 thru 1966.

5.   That he has resided in Oleai Village in 1966 to 1967.

6.   That he has resided in Chalan Kanoa in 1967 to 1968.

7.   That he has resided in Tanapag Village in 1968 to 1969.

8.   That he has resided in Oleai Village in 1969 thru 1979.

9.   I know that he was my neighbor in Oleai Village during my term as an elected Village Commissioner for Oleai & Chalan Laulau Village from January 1968 thru December 1972 consecutively.

10.  I know that he has resided in As-Mahetog Ranch-House from 1979 to the present time (1999).

11.  I also know that he married to Ms. Rosa Omar and that they have five children of their own.

12.  I have known him to be a good and hard working father and a good citizen in our Community.

Further Affiant Sayeth Naught.

Date:  October 14, 1999

_____
Stanley T. Torres

Subscribed and Sworn to before me this 14th day of OCtober, 1999.

_____
Notary Public

JUANA C. FUJIHIRA
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Jan /02, 2001

**Exhibit "D"**

Social Security Administra...
P.O. Box 489
Saipan MP 96950
670-234-6203
04/27/99

In response to your request, shown below is a copy of your earnings as
recorded in the books of the former NMI Social Security System, including
earnings transferred from the former Trust Territory Social Security System.

PHILLIP BERNARD SIGUMUR

SSN: ███████
Birthdate: ███████
TTSSN: 00203

========================================================================

```
            N M I S S S   E A R N I N G S   R E C O R D
            ------------------------------------------------
```

| | MARCH | JUNE | SEPTEMBER | DECEMBER | TOTAL | MAXIMUM CREDITABLE |
|---|---|---|---|---|---|---|
| 1976 | | | 0.00 | 0.00 | 0.00 | 1,200 per quarter |
| 1977 | 0.00 | 0.00 | 0.00 | 957.95 | 957.95 | 1,200 per quarter |
| 1978 | 1,180.70 | 97.60 | 0.00 | 0.00 | 1,278.30 | 9,075 per year |
| 1979 | 0.00 | 1,132.50 | 1,350.00 | 1,600.00 | 4,082.50 | 13,350 per year |
| 1980 | 1,371.00 | 1,874.19 | 2,071.39 | 2,454.10 | 7,770.68 | 13,350 per year |
| 1981 | 1,746.50 | 1,830.00 | 1,870.00 | 2,180.28 | 7,626.78 | 22,900 per year |
| 1982 | 1,915.64 | 2,096.00 | 2,120.50 | 2,008.50 | 8,140.64 | 22,900 per year |
| 1983 | 2,199.00 | 2,190.00 | 2,240.00 | 2,315.32 | 8,944.32 | 22,900 per year |
| 1984 | 2,228.56 | 2,396.76 | 2,393.47 | 1,821.00 | 8,839.79 | 22,900 per year |
| 1985 | 2,390.42 | 41.00 | 0.00 | 0.00 | 2,431.42 | 22,900 per year |
| 1986 | 0.00 | 233.20 | 349.80 | 0.00 | 583.00 | 22,900 per year |

========================================================================

```
Total TTSSS Wages (7/1/68-6/30/76):        0.00     Total TTSS Quarters:    0
Total NMISSS Wages (7/1/76-12/31/86):  50,655.38     Total NMISSS Quarters: 29
                     Total Wages:      50,655.38          Total Quarters:    29
```

COMMENTS: _____

1. Wages through Quarter Ending 6/76 cannot be identified by quarter earned.
2. Prior to 7/1/76 wages of non-Trust Territory citizens were not covered.
3. Beginning 10/1/80 the wages of Filipino & Korean contract workers were
   not covered.
4. Beginning in 1987 wages were reported directly to US Social Security.
5. Earnings shown here will be added to any earnings you have with U.S.
   Social Security to determine if you qualify for social security benefits.

Certified to be a true transcript by: _____

                                         name                          title    dAt

**Exhibit "E"**

**COMMONWEALTH ELECTION COMMISSION**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

P.O. Box 500470
Saipan, MP 96950-0470
http://www.votecnmi.gov.mp/

Tel : (670) 664-VOTE
Fax: (670) 664-8689
Email: cec@saipan.com

JAN 2 3 2003

Re:    Certification of voter's registration

Our records show that, Mr. Bernard Phillip, born May 31, 1933 was registered to vote in
Commonwealth elections for the years shown below:

| Year | Aff. No. | Election District | Nature of Election |
|------|----------|-------------------|--------------------|
| 2003 | 2003-0021 | 4 – B, San Roque | General Election |
| 1999 | 37991 | 3 – B, Garapan | General Election |
| 1997 | 37991 | 3 – B, Garapan | General Election |
| 1996 | 28371 | 3 – B, Garapan | Con-Con Amendments |
| 1995 | 28371 | 3 – B, Garapan | General Election |
| 1995 | 28371 | 3 – B, Garapan | Con – Con |
| 1993 | 28371 | 3 – B, Gaapan | General Election |
| 1989 | 00359 | 3 – B, Garapan | General Election |
| 1987 | 00359 | 3 – B, Garapan | General Election |
| 1985 | 00359 | 3 – B, Garapan | General Election |
| 1985 | 00359 | 3 – B, Garapan | Con – Con |
| 1983 | 00359 | 3 – B, Garapan | General Election |
| 1981 | 00359 | 3 – B, Garapan | General Election |
| 1979 | 00359 | 3 – B, Garapan | General Election |
| 1977 | 04057 | 3 – B, Garapan | General Election |
| 1974 |  | Dist. #7, San Jose | Municipal Election |

**NOTHING FOLLOWS**

JULITA A. VILLAGOMEZ
Administrative Officer

**Exhibit "F"**