GEORGE L. HASSELBACK, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

F I L E D
Clerk
District Court

JUN - 9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorneys for Plaintiff Bernard Sikimour Phillip

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BERNARD SIKIMOUR PHILLIP, | ) CIVIL CASE NO. 05-0039 |
| Plaintiff, | ) |
| vs. | ) AMENDED PETITION FOR AWARD<br>) OF ATTORNEY FEES |
| UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT OF<br>STATE, UNITED STATES<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT and<br>NANCY K. FINN, individually and in her<br>official capacity, | ) Judge: Munson, Chief Judge |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff, by and through counsel and pursuant to 28 U.S.C. § 2412, hereby petitions this Court to award payment of Plaintiff's costs and attorney fees from the various defendants associated with bringing the above-captioned suit. Pursuant to 28 U.S.C. § 2412, Plaintiff should be awarded the costs and attorney fees applicable to his civil action against the various defendants. Plaintiff is both eligible for recovery and was the prevailing party in the civil proceeding. *See* Amended Declaration of George L. Hasselback filed separately with this Court. Additionally, the various defendants were not substantially justified in their position of denying that Plaintiff was a United States citizen and therefore entitled to a US passport.

This Petition is supported by the Amended Declaration of George L. Hasselback ("Amended Hasselback Decl.") filed herewith that contains itemized statements reporting the actual time expended in this case and the rate at which fees and other expenses were computed. It is also supported by the declaration of Jane Mack filed separately with this Court.

Additionally, in an effort to settle this matter without any further involvement of the Court, counsel for Mr. Phillip has eliminated the charges associated with certain actions taken on behalf of Mr. Phillip with regard to facilitating his travel to the Territory of Guam. *See* Amended Hasselback Decl. Plaintiff will accept the reduced amount of attorney fees of $10,376.43 for a full and final settlement of this issue. However, if the various defendants insist upon litigating this question, Mr. Phillip will demand a full payment of his attorney fees (amounting to $12,278.90).

## II. ANALYSIS

Mr. Phillip would like to draw this Court's attention to several factors that weigh for the award of attorney fees to Mr. Phillip. While these factors have been summarized below, Plaintiff invites this Court to review the declarations from which this information is gleaned to fully appreciate how much Plaintiff deserves to succeed in this Petition.

*A) The time and labor involved.*

The procurement of Mr. Phillip's passport was the central focus of Mr. Hasselback's practice for several months. *See* Amended Hasselback Decl. Coordination and communication with multiple governmental agencies took a significant amount of time. *Id.* Much of the information that the Defendant's desired from Mr. Phillip was non-existent and proving a negative proved to be quite time and labor intensive. *Id.* Additionally, communication with the Clerk of Court's of Chuuk was impossible at times and even at its smoothest took multiple attempts to get anything done. *Id.*

**B) The position of the Defendants.**

As explained by Jane Mack in her declaration filed separately with this Court, the position of the Defendants, that Mr. Phillip had not adequately proved his entitlement to a U.S. passport was unreasonable and unsupportable. Mr. Phillip was denied his passport for two reasons. The first was that he failed to provide adequate secondary proof of his date and place of birth. *See* Declaration of Jane Mack filed separately with this Court ("Mack Decl."). However, Nancy K. Finn, the very person who sent the letter denying his passport application ignored the knowledge that she then possessed that no such evidence existed. *Id.* Certainly asking someone for something that you know does not exist is unfair.

Secondly, Mr. Phillip was denied his right as a U.S. citizen to travel freely because the Defendants purposefully ignored the legal definition of the word "domicile." *Id.* Persons making decisions about whether or not another person is a United States citizen should not be able to ignore the legal definition of "domicile". *Id.* Ms. Finn knew what domicile meant and knew that once established domicile is presumed to continue. *Id.* However, she still insisted on "further proof" that Mr. Phillip constantly "resided" within the CNMI. *Id.* As much as it may come to her surprise, Ms. Finn is not the final word on the interpretation of the term "domicile" as it applies to the Covenant and she should not have held up Mr. Phillip's passport because she may have disagreed with that definition.

**B) The customary fees charged by Plaintiff's counsel.**

The customary hourly fee charged for Mr. Hasselback's work is $185.00 and hour. The customary fee charged for Mr. Horey's time is $230.00 an hour. *Id.* The customary hourly fee charged for Mr. Banes' work is $240.00 an hour. *Id.* Despite this, Mr. Phillip is only requesting $125.00 an hour for all of the work done on his case. *Id.* While he could litigate the issue of whether or not he is entitled to exceed the EAJA's statutory cap, in the interests of resolving this matter as quickly as possible, he has forgone this argument and is simply demanding the rate allowable under the EAJA.

**C) The nature of the fee arrangement with Mr. Phillip.**

This case came to Plaintiff's current counsel on a referral from Micronesian Legal Services. *See* Mack Decl. Consequently, Plaintiff's counsel was aware that Mr. Phillip was a person of limited means and would not be able to pay the customary fees charged to other hourly clients. For that reason, his current counsel accepted his case on a contingency basis and assumed all risk of non-recovery of any monetary damages from the various Defendants.

**D) The results obtained.**

Mr. Phillip's sole reason for filing suit against the various defendants was to obtain his U.S. passport (to which he has been entitled for decades). He was able to do so. His application for a passport had been finally denied, and but for this suit, he never would have been able to determine what the Defendants would finally accept as proof of his citizenship.

**E) The undesirability of the case.**

From a strictly business perspective, this case held no attraction for a member of the private bar. This case was a referral from Micronesian Legal Services and therefore represented a client that was likely not able to pay even a penny for his representation. Additionally, the final desired result of the litigation (the vindication of Mr. Phillip's rights), while emotionally satisfying, holds no pecuniary value. Therefore, the time and effort of Mr. Phillip's attorneys should be rewarded and other cases such as this made more attractive to private practitioners so that such wrongs do not, in the future, go unresolved.

THEREFORE, pursuant to 28 U.S.C.A. § 2412, Plaintiff requests that this Court award him the costs of bringing the above-captioned suit and the attorney fees he incurred in its prosecution in the amount of $12,278.90.

Dated: June 9, 2006.

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiff Bernard S. Phillip

By: _____
GEORGE L. HASSELBACK