| | | | | | |
|---|---|---|---|---|---|
| *Before 11/5/1968 (over 18 on the effective date of the Covenant)* | *NMI* | *one or both natural parent(s) U.S. citizens* | *N/A* | *first see INA or NA; 301(c)* | *Adjudicate under applicable provisions of the INA or NA. Exception: If both parents born in Guam before 1950, should generally adjudicate under Section 301(c) of the Covenant.* |
| | | *one natural parent born in the TTPI* | *Must have been domiciled in the NMI, the U.S. or its possessions on 11/3/1986.* | *(1) Section 301(a)*  *(2) Section 301(a) and Shoda decision* | *Before 1950, birth records are generally unavailable. Evidence required is LNR, and baptismal certificate or other acceptable secondary evidence. If born out of wedlock to a father born in the TTPI, paternity must be established; however, legitimation is not required.* |

# 7 FAM EXHIBIT 1126.6
# ACQUISITION OF U.S. CITIZENSHIP UNDER SECTION 301(B) OF THE CNMI COVENANT

(CT:CON-105;   06-01-2005)

*NOTE: These tables are intended for use only as a general reference guide, and should NOT be used to make determinations nor be cited in any case.*

| Date of Birth | Place of Birth | Status of Parent(s) | Section of Covenant | Domicile Required | Comments |
|---|---|---|---|---|---|
| On or after 11/5/1981 and before 11/4/1986 | anywhere | one natural parent acquired under Section 301(b) of the Covenant | 301(b) and Department interpretations of Dela Cruz decision and "and their children" | none | |
| | | one adoptive parent acquired under Section 301(b) of the Covenant | 301(b) and Department interpretation of "and their children" | none | Adoption must have been finalized before 11/4/1986. |
| On or after 11/5/1968 and before 11/5/1981 | TTPI | one parent born in the TTPI | 301(b) and Department interpretation of Dela Cruz decision | Must provide evidence of domicile in NMI from 11/4/1981 to 11/3/1986. | Registration to vote not needed since under age on 1/1/1975. |

|  |  | anywhere | Both parents TTPI citizens | 301(b) | Must provide evidence of domicile in NMI from 11/4/1981 to 11/3/1986. | Registration to vote not needed since under age on 1/1/1975. |
|---|---|---|---|---|---|---|
|  |  |  | one natural parent acquired under Section 301(b) of the Covenant | 301(b) and Department interpretations of Dela Cruz decision and "and their children" | none |  |
|  |  |  | one adoptive parent acquired under Section 301(b) of the Covenant | 301(b) and Department interpretation of "and their children" | none | Adoption must have been finalized before 11/4/1986. |
| On or after 1/1/1957 and before 11/5/1968 | TTPI |  | one parent born in the TTPI | 301(b) and Department of Justice memorandum dated 6/9/1988 | Must provide evidence of domicile in NMI from 11/4/1981 to 11/3/1986. | Registration to vote not needed since under age on 1/1/1975. |

|  |  | *anywhere* | *both parents TTPI citizens* | *301(b)* | *Must provide evidence of domicile in NMI from 11/4/1981 to 11/3/1986. If born outside the TTPI, must have become permanent resident of TTPI before reaching age 21.* | *Registration to vote not needed since under age on 1/1/1975.* |
|---|---|---|---|---|---|---|
| *Before 1/1/1957* | *TTPI* |  | *one parent born in the TTPI* | *301(b) and Department of Justice memorandum dated 6/9/1988* | *Must provide evidence of domicile in NMI from 11/4/1981 to 11/3/1986.* | *Must provide evidence of registration to vote in NMI municipal or legislative election before 1/1/1975.* |

| | | anywhere | both parents TTPI citizens | 301(b) | Must provide evidence of domicile in NMI from 11/4/1981 to 11/3/1986. If born outside the TTPI, must have become permanent resident of TTPI before reaching age of 21. | Must provide evidence of registration to vote in NMI municipal or legislative election before 1/1/1975. |

# 7 FAM 1126.7
# ACQUISITION OF U.S. CITIZENSHIP UNDER SECTION 301(C) OF THE CNMI COVENANT

(CT:CON-105;   06-01-2005)

**NOTE**: *These tables are intended for use only as a general reference guide, and should **NOT** be used to make determinations nor be cited in any case.*

| Date of Birth | Status of Parent(s) | Section of Covenant | Comments |
|---|---|---|---|
| On or after 1/1/1974 and before 11/4/1986 | one natural parent acquired under Section 301(c) of the Covenant | 301(c) and Department interpretations of Dela Cruz decision and "and their children" | Domicile in NMI or U.S. not needed to acquire U.S. citizenship. |
| | one adoptive parent acquired under Section 301(c) of the Covenant | 301(c) and Department interpretation of "and their children" | Adoption must have been finalized before 11/4/1986. Domicile in NMI or U.S. not needed to acquire U.S. citizenship. |
| On or after 11/5/1968 and before 1/1/1974 | one natural parent acquired under Section 301(c) of the Covenant | 301(c) and Department interpretations of Dela Cruz decision and "and their children" | Domicile in NMI or U.S. not needed to acquire U.S. citizenship. |
| | one adoptive parent acquired under Section 301(c) of the Covenant | 301(c) and Department interpretation of "and their children" | Adoption must have been finalized before 11/4/1986. Domicile in NMI or U.S. not needed to acquire U.S. citizenship. |

|  | parents' status immaterial* | 301(c) and Department interpretation of Barasi decision | Persons in the Pangelinan class (see list in Attachment B) must provide documents to establish domicile in the NMI for the period 3/6/1977 through 11/3/1986. All other applicants must provide documents to establish domicile in the NMI for the period 12/31/1973 through 11/3/1986. |
|---|---|---|---|
| Before 11/5/1968 | Parents' status immaterial* | 301(c) and Department interpretation of Barasi decision | Persons in the Pangelinan class (see list on CA/OCS Intranet) must provide documents to establish domicile in the NMI for the period 3/6/1977 through 11/3/1986. All other applicants must provide documents to establish domicile in the NMI for the period 12/31/1973 through 11/3/1986. |

* There have been several unusual cases of persons who were born in the Trust Territory, but for one reason or another do not qualify for U.S. citizenship under Section 301(a) or Section 301(b). These cases should be adjudicated under Section 301(c).

# 7 FAM EXHIBIT 1126.5-5
# LIST OF PANGELINAN PLAINTIFFS

*(CT:CON-105;   06-01-2005)*

Nestor Rafanan ABLOG
Jose ACIBES, Jr.
Samuel A. AGANA
Jimmy Gadot AGLIPAY
Leonardo Aranda AJOSTE
Severo Cuano AVILA
Nicanor Alba BACAGO
Romulo B. BALLESTEROS
Jose Lingal BOCAGO
Nicanor A. BOCAGO
Anastacio Pascua BUCCAT
Thomas San Pedro BUNDOC
Angelita Mendoza BUNIAG
Marcial Canaria CARREA
Edgardo T. CASTILLO
Marcial C. CORREA
Julieta David CUNANAN
Cyriah C. DAEL
Enrique Cuenca DEJESUS
Antonio D. DELA ROSA
Carmen Padua DELEON
Leon Jose Santos DEMESA
Delfin Dancel EBETUER
Francisco So. ERMITANIO
Augusto Cadiz EVANGELISTA
Eleuterio C. EVANGELISTA, Jr.
Benedicto Palaganas FERNANDEZ
Gregorio GABIONZA
Aida Laquin Danam GARONG
Alfredo Abecia GONZALES
Conrado Carlos GUIAO
Brigido S. HERNANDEZ
Oscar Canlas IBARRA
Norberto Santos JAVIER, Jr.
Juan B. Santiago LAURON
Piadosa Falalimpa LAURON
Gaudencio Cruz MACALINAO
Alfredo Nacu MALIT

*Guadalupe Tababa MANACO*

*Leonardo Yumul MANACOP*
*Jorge Mata MANALILI*
*Eduardo Ustaris MANUEL*
*Regina Maningas MANUEL*
*Catalina A. MATIAS*
*Flora Cordera MENDOZA*
*Pedro De Castro MENDOZA*
*Cirilo Oliquiano NAVALTA*
*Angel E. OCAMPO, Jr.*
*Aureliano O. OCASION*
*Eulogia M. OCASION*
*Miguel Mendezabel OLIVER*
*Camillo Arellano ORALLO*
*Romeo Cabingas PAGAPULAR*
*Alfonso Basilio PAMINTUAN*
*Eduard P. PANGELINAN*
*Andronico Villalino PELEN*
*Alejandro Purzzan PERREZ*
*Humberto Lopez QUIBLAT*
*Betty Leonida F. QUIDILIG*
*Alberto Palabay RAMOS*
*Eduard C. REFUGIA*
*Pedro Amil REMOQUILLO*
*Jose Isidro SAN JUAN*
*Mauro Rodiriquz SANTOS*
*Apolonio M. SEMANA*
*Aquilino M. SEMANA*
*Adolfo Canlas SERRANO*
*Bricco Bautista SISON*
*Kazuko TAGUCHI*
*Takashi TAGUCHI*
*Antonio Francisco TEBORA*
*Dominador Daya TORRES*
*Rodico G. VIDAL*
*Bernardo Ruffy VILLACRUSIS*
*Victorino Urcia VILLACRUSIS*
*Levy Nicolas Centeno VILLEGAS*
*Reynoldo Obsiome YANA*

*Alberto Tolentino ZARZOSO*

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 50217 (E.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 1

▷
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.
Edwin ORTIZ, Plaintiff,
v.
Shirley S. CHATER, Commissioner of Social Security. Defendant.
No. 95 CV 3126 ERK.

Jan. 30, 1997.

Charles E. Binder of Binder & Binder, for Plaintiff.
Stephen J. Riegel, Assistant U.S. Attorney, for Defendant.

*MEMORANDUM & ORDER*
KORMAN, District Judge.
*1 Plaintiff owned and operated an appliance repair shop until May 9, 1989. On that date, at the age of 55, plaintiff closed his shop due to his alleged disability, consisting of hypertension, back pain, and burning and cramping sensations in his feet, legs, and hands. He has not worked since, apparently subsisting entirely upon public assistance and his savings.

Plaintiff applied to the Social Security Commission for disability benefits (dating from May 9, 1989) on August 6, 1991. His application was denied on November 26, 1991, and it was reconsidered and denied again on April 9, 1992. An administrative hearing was subsequently held. After the conclusion of this hearing, the presiding ALJ denied plaintiff's request for benefits in a decision dated February 20, 1993. On June 2, 1993, the Appeals Council vacated this decision and remanded the case to the ALJ for consideration of the medical report of one of the plaintiff's treating physicians, Dr. Samkoff. On November 21, 1994, the ALJ again denied plaintiff's application for benefits, finding that plaintiff could perform his past relevant work. On June 30, 1995, the Appeals Council rejected a request for review of this second administrative decision.

Plaintiff subsequently filed a complaint here seeking judicial review of the denial of disability benefits. Both parties moved for judgment on the pleadings. On June 7, 1996, at the conclusion of the hearing on these motions, I remanded the matter to the Commission for further consideration. Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1994). The Commissioner opposes this motion, arguing that the Administrative Law Judge ("ALJ") below was "substantially justified" in denying plaintiff's disability benefits claim, or, in the alternative, that other "special circumstances" either make an award of attorneys' fees inappropriate, or require that such an award be reduced by fifty percent.

DISCUSSION

EAJA permits a party to recover its costs and attorneys' fees from the Government in the following circumstances:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, with respect to disability claims such as plaintiff's, to effect recovery pursuant to EAJA a party must submit an application that establishes (or at least alleges) the following: (1) he was a "prevailing party"; (2) he is otherwise eligible to recover such fees; (3) his claim for fees is substantiated by his attorney's itemized

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.