F I L E D
Clerk
District Court

JUL 27 2006

for The Northern Mariana Islands

By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BERNARD SIKIMOUR PHILLIP,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et. al,<br><br>Defendant. | Case No. CV-05-0039<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES |

**THIS MATTER** came before the court on plaintiffs' motion for costs and attorney's fees.

**THE COURT**, having considered the written arguments of the parties, makes the following findings and disposition:

## I. BACKGROUND AND FINDINGS

This lawsuit originates from plaintiff's attempt to successfully acquire a United States passport. Although plaintiff had filed several previous U.S. passport applications, plaintiff's most recent application was submitted on June 29, 2005. On July 29, 2005, the United States Department of State Honolulu Passport Agency ("Passport Agency") informed plaintiff that his U.S. passport application was denied and "filed without further action" for failure to submit acceptable early secondary evidence of birth to support his delayed record of birth and sufficient proof of continuous domicile, *i.e.* records to cover the period from March 1985 to November 1986.

On November 30, 2005, plaintiff filed a complaint praying for, among other things, "a declaration by this Court that he is a citizen of the United States and entitled to all rights and privileges afforded thereto." Complaint and Demand for Jury Trial at 6, No. 1 (Nov. 30, 2005). The

rights and privileges most important to plaintiff, in regard to the complaint, was to have a U.S. passport issued to him.

On May 5, 2006, the parties entered into a stipulation, which was approved by the court, that plaintiff became a citizen of the United States of America on November 4, 1986, under section 301(b) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, 48 U.S.C. § 1801 (1993) ("Covenant"). Stipulation and Dismissal, No. 10 (May 5, 2006). The court retained jurisdiction in this case to enforce the terms of the stipulated agreement and to determine the amount of costs and attorney's fees, if any, should be awarded. *Id.*

On June 2, 2006, plaintiff moved the court to award plaintiff costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Petition For Award of [Costs and] Attorney Fees, No. 11 (June 2, 2006). Defendant opposed the motion, claiming that plaintiff was not the prevailing party, that the position of the United States was substantially justified, and the amount sought is not reasonable.

## II. ANALYSIS

A judgment for costs, as permitted by 28 U.S.C. § 1920, "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency . . . in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1) (2005).

"Under the EAJA, a litigant is entitled to attorney's fees if: (A) he is the prevailing party; (B) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (C) the requested fees and costs are reasonable." *Carbonell v. Immigration and Naturalization Service*, 429 F.3d 894, 898 (9th Cir. 2005); *see* 28 U.S.C. § 2412(d)(1)(A).

//
//

*A. Prevailing Party*

To qualify as a prevailing party, the litigant must have achieved (1) a "material alteration of the legal relationship of the parties" that is (2) "judicially sanctioned." *Buckhannon Bd. and Care Home, Inc. V. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 598 (2001); see *Carbonell*, 429 F.3d at 898. As such, a litigant is a prevailing party when he has entered into a legally enforceable settlement agreement. *Carbonell*, 429 F.3d at 899. Here, plaintiff sued the government because the government would not issue him a U.S. passport for reason that plaintiff did not have certain documents to prove his U.S. citizenship. The Government continued to maintain this position when it answered the complaint. *See* Answer of the United States ¶ 18 at 2, No. 2 (Jan. 30, 2006) (admitting that it does not believe plaintiff is a U.S. citizen). However, due to the stipulation approved by the court, plaintiff now has proof of his U.S. citizenship. Furthermore, because the stipulation allows plaintiff to obtain a U.S. passport, he achieved a material alteration of the legal relationship of the parties. Because the court has the power to enforce the settlement agreement, plaintiff achieved a material alteration of the legal relationship of the parties that is judicially sanctioned by the court. Accordingly, plaintiff is the prevailing party for purposes of the EAJA.

*B. Substantial Justification*

Given that plaintiff is the prevailing party, the government has the burden of showing that its position was substantially justified or that special circumstances make an award of costs and attorney's fees unjust. "[R]easonableness is the correct test for determining whether the Government's position was substantially justified." *Foster v. Tourtellotte*, 704 F.2d 1109, 1112 (9th Cir. 1983). "A substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

3

28 U.S.C. § 2412(d)(1)(B). The court must look at both the underlying conduct of the Passport Agency as well as its litigation position in this case. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) ("In order to prevail here, the government must establish that it was substantially justified on the whole, considering, first, the underlying conduct of the [agency] and, second, its litigation position defending the [agency's] error.").

Here, the underlying conduct stems from the Passport Agency's denial of plaintiff's passport application because of lack of "acceptable early secondary evidence of birth" and "additional domiciliary evidence." Plaintiff is partially at fault for failing to provide acceptable early secondary evidence of birth. Because the burden is on the government, the government has the duty to explain to the court what documents are considered "acceptable early secondary evidence of birth." Based on the record, the court can only conjecture that "acceptable early secondary evidence of birth" is limited to a contemporaneously recorded birth certificate, which was destroyed during World War II, or a declaration by plaintiff's deceased parents. Clearly, requiring these documents is not reasonable. As both parties have explained, many people who became citizens under section 301(b) of the Covenant have difficulty in obtaining public documents due to there destruction during World War II. On the other hand, plaintiff could have produced a statement from the Clerk of Court of Chuuk State confirming the lack of records for his birth. Since the Passport Agency would not require documentation of public records if the applicant establishes that such information is unavailable, such a statement by the Clerk of Court of Chuuk State would meet the Government's requirement of "acceptable early secondary evidence of birth."

However, plaintiff's failure to provide "acceptable early secondary evidence of birth," or its equivalent, does not substantially justify the government's failure to find that plaintiff is a U.S. citizen and resulting denial of plaintiff's U.S. passport application. Considering that (1) plaintiff's claim to U.S. citizenship is not based on birth but on § 301(b) of the Covenant and (2) people who claim U.S. citizenship based on § 301(b) of the Covenant often have difficulty in obtaining such

//

information, the necessity of early secondary evidence is substantially outweighed by the burden on plaintiff to submit early secondary evidence of birth.

The government also failed to meet its burden of proving that the government was substantially justified in denying plaintiff's U.S. passport application because plaintiff failed to submit additional domiciliary evidence. Considering the evidence in the record, the requirement that plaintiff submit additional domiciliary evidence for the period of March 1985 to November 1986 is incongruent with legal precedence that domicile is determined by residence and an intent to remain indefinitely. "The essential fact that raises a change of abode to a change of domicil[e] is the absence of any intention to live elsewhere . . . or . . . the absence of any present intention of not residing permanently or indefinitely in the new abode." *Williamson v. Osenton*, 232 U.S. 619, 624 (1914) (citations and quotations omitted).

The Government's position during the application process and during this litigation is that plaintiff's domicile was not the Commonwealth during the period March 1985 to November 1986 since the "Northern Mariana Island Social Security Earnings Record showed minimal or no earnings during the period." The Government took this position despite the evidence that plaintiff has a record of constant earnings from December 1977 to September 1986 and a record of registration to vote in the Commonwealth from 1974 to 2003. Such evidence suggests that despite the minimal or no earnings during the period of March 1985 to November 1986, plaintiff had an intent to remain in the Commonwealth during the period in question. Accordingly, based on plaintiff's assertion that the Commonwealth is his domicile and based on his record of voter registration and record of earnings, the Government did not show that it was substantially justified in taking the position that plaintiff's domicile during the period in question was not the Commonwealth.

Accordingly, because the Government was not substantially justified in taking the position that plaintiff was not a domiciliary of the Commonwealth during the period in question, plaintiff is entitled to costs and reasonable attorney's fees. However, because plaintiff was partially at fault for

//

not producing a statement from the Court of Clerk in Chuuk State, the court will reduce the reasonable attorney's fees by twenty-five percent.

### C. Reasonable Attorney's Fees

The Government asserts that plaintiff's request for attorney's fees is unreasonable because some of the attorney's service included "assistance with travel and with his health, and . . . of discussion." Opposition to Attorney's Fees at 5, No. 18 (June 23, 2006). However, the Government does not identify what part of the itemized summary of attorney's fees are associated with the alleged inappropriate billing. Accordingly, because plaintiff's itemization of attorney's fees are reasonable in light of this case, the court finds that reasonable attorney's fees amounts to $11,600.00. Amended Declaration of George L. Hasselback at 2, No. 16 (June 9, 2006).

### D. Costs

Under 28 U.S.C. § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Accordingly, of the itemized summary of costs that plaintiff provided, the court taxes as costs the following: the filing fee of $250.00 and copy charges of $51.30, $36.00, and $81.00.

//

//

//

## III. Conclusion

For the forgoing reasons, **THE COURT GRANTS IN PART AND DENIES IN PART** plaintiff's motion for costs and attorney's fees. Plaintiff is hereby awarded **$ 418.30** for costs and **$ 8700.00** for attorney's fees, for a total of **$ 9118.30**. The award of attorney's fees in this case emphasizes the need to encourage attorneys to take an otherwise unpopular or undesirable case.

DATED this 27TH day of July, 2006.

_____
ALEX R. MUNSON
Judge